UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MAJESTIC COMMUNICATIONS GROUP, INC.                                                      PLAINTIFF

V.                                                                     CIVIL ACTION NO. 3:09-CV-695-DPJ-FKB

UNITED STATES OF AMERICA                                                                  DEFENDANT

ORDER

This tax-refund dispute is before the Court on Defendant United States of America's ("the Government") Motion to Dismiss or Alternatively, for Summary Judgment [15]. Plaintiff Majestic Communications Group, Inc. ("Majestic") has responded in opposition [17, 28]. The Court, having considered the submissions of the parties and applicable law, concludes that the Government's Motion should be granted.

I.    FACTS AND PROCEDURAL HISTORY

In 2002, Majestic, a gospel recording company, employed the law firm Frascogna Courtney, PLLC, ("Frascogna") to prepare its corporate tax returns and facilitate payment of any and all taxes owed in accordance with the prepared forms. In 2003, Frascogna hired Anita Campbell, a paralegal and bookkeeper, whose job duties included providing Frascogna's tax services to Majestic.

From May 2005 to January 2006, Campbell experienced a series of personally traumatic events including the need to house her daughter whose home was destroyed by Hurricane Katrina. In June 2006, Frascogna terminated Campbell's employment for failing to file relevant federal tax returns, failing to remit tax deposits, and for modifying company records to inaccurately reflect compliance. As a result, for taxable years 2004 and 2005, Frascogna paid Majestic's employment and unemployment tax penalties and interest, which totaled $9,534.66.

On February 2, 2007, Majestic filed ten Federal Forms 843 seeking refund of the employment and unemployment tax penalties. Each form referenced Campbell's personal issues culminating in her release from employment. While they mentioned Hurricane Katrina with respect to the destruction of Campbell's daughter's home, the forms specifically cited Campbell's personal instability as reasonable cause for late filing. A few days later, Frascogna faxed the IRS a Federal Form 7004 application for 6-month extension to file its U.S. Corporation Income Tax Return, with the words "HURRICANE KATRINA" handwritten at the top of the page.[1] The IRS denied Majestic's refund request as to the Form 843 employment and unemployment tax penalties.

Majestic then sued the Government seeking a refund of the penalties remitted on its behalf by Frascogna, alleging that (1) penalties and interest accruing from August 2005 until August 2006 from Majestic's late filing and payment of employment taxes should be abated pursuant to federally approved filing extensions promulgated in response to Hurricane Katrina, and (2) all penalties should be refunded because the psychological effects of Campbell's circumstances constituted reasonable cause for untimely filing and payment of Majestic's employment taxes.

The Government seeks dismissal of Majestic's claims on grounds that (1) Majestic lacks standing to pursue refund of penalty payments because Frascogna paid the disputed penalties; (2) the Court lacks jurisdiction to consider Majestic's request for Hurricane Katrina relief because

---

[1]This Federal Form 7004 was produced by Majestic for the first time as an exhibit to its Memorandum [17] in opposition to the Government's Motion [15]. The Court acknowledges the Government's request to exclude this Form 7004 from consideration of its Motion; the Court's ruling, however, renders this request moot.

that basis for relief was not sufficiently detailed in Majestic's administrative-refund request; and (3) Campbell's circumstances surrounding Majestic's untimely tax filings and remittances do not constitute reasonable cause justifying a refund.[2]

II.     STANDARD OF REVIEW

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 387 (5th Cir. 2003) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Because standing involves the determination of "the courts' 'fundamental power even to hear the suit,'" *id.* at 386 (quoting *Ford v. Nylcare Health Plans, Inc.*, 301 F.3d 329, 333 (5th Cir. 2002), "'[i]t is inappropriate for the court to focus on the merits of the case when considering the issue of standing.'" *Id.* at 387 (quoting *Hanson v. Veterans Admin.*, 800 F.2d 1381, 1385, (5th Cir. 1986)). It *is* appropriate, however, for the district court to make "factual findings which are decisive of its jurisdiction." *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 786, 741 (5th Cir. 19876); s*ee also Bickham v. Miller*, 584 F.2d 736, 737 (5th Cir. 1978) ("The district court, however, may receive evidence and make findings of fact limited to jurisdictional matters on a motion to dismiss.") (citations omitted).

Dismissal for lack of subject-matter jurisdiction is addressed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. "It is well settled in this circuit that '[t]he district court . . . has the power to dismiss [pursuant to Rule 12(b)(1)] on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or

---

[2]Majestic formally conceded this argument in its Response. Pl.'s Mem. [17] at 13.

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (citations omitted).

III. ANALYSIS

The Court's jurisdiction over Majestic's Complaint is governed by federal statutes, beginning with 28 U.S.C. § 1346(a)(1). That section "waives the Government's sovereign immunity from suit by authorizing federal courts to adjudicate '[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'" *United States v. Williams*, 514 U.S. 527, 530 (1995) (citation omitted). While § 1346 creates a broad waiver of immunity for tax-refund suits against the government, tax-refund suits based upon overpayment of taxes must also fall within the further parameters of the Internal Revenue Code, specifically 26 U.S.C. §§ 6402 and 7422.[3] Section 6402 defines who is permitted to receive overpayment refunds,[4] and § 7422 establishes when a

---

[3]*See United States v. Dalm*, 494 U.S. 596, 601 (1990) ("[Section] 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions. The first is § 7422(a) . . . ."); *see also Bruce v. United States*, 759 F.2d 755, 759 (9th Cir. 1985) ("Standing requirements under § 6402(a) of the Code do not contravene 28 U.S.C. § 1346(a)(1) because Congress possesses the authority to impose standing limitations in addition to § 1346(a)(1)."); accord *U.S. v. Rochelle*, 363 F.2d 225, 230–31 (5th Cir. 1966) (explaining that, in addition to the standing requirements under § 1346, a taxpayer must "clear all the jurisdictional hurdles" imposed by Internal Revenue Code).

[4]The text of 26 U.S.C. § 6402 reads in pertinent part as follows:

(a) General rule.–In the case of any overpayment, the Secretary, within the applicable period of limitations may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall,. . . refund any balance to such person.

tax refund suit may be brought against the government in court and includes a pre-suit administrative exhaustion requirement.[5]

Under § 6402, a party who is not "the person who made the overpayment" is not permitted to receive the overpayment refund and therefore lacks standing to pursue the refund in court.  *Bruce*, 759 F.2d at 759; *see also Delaune v. United States*, 143 F.3d 995, 1006 (5th Cir. 1998).  In this case, Frascogna made the alleged overpayment (*i.e.*, penalties and interest) on Majestic's behalf.  The same thing happened in *Bruce*, and there the Ninth Circuit dismissed the taxpayer's suit for lack of standing.  759 F.2d at 759.[6]  While the Government raised this issue in its original Memorandum, it seemed to retreat from the argument in its Reply.  Ultimately though, the Court need not reach a decision on whether Majestic lacks standing under § 6402 because it failed to exhaust under § 7422.

Under § 7422, a taxpayer cannot sue the government for a tax refund "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."  26 U.S.C. §

---

[5]Subsection (a) of 26 U.S.C. § 7422 provides:

> (a) No suit prior to filing claim for refund.–No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

[6]In *Delaune*, the Fifth Circuit cited *Bruce* when interpreting § 6402 in a similar way.  143 F.3d at 1006.

7422(a) (2006).  The Treasury Regulations set forth the mandatory elements of a valid refund claim:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.  The statement of the grounds and facts must be verified by a written declaration that is made under the penalties of perjury.  A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402-2(b)(1) (2011).  Thus, for a taxpayer's administrative refund claim to be valid, it must inform the IRS of the "exact basis" for the requested refund.  *Id.*  Further, if the taxpayer's administrative refund claim is denied, "[s]ubsequent litigation of the government's denial of a refund claim is limited to the grounds fairly contained within the [administrative] refund claim."  *Charter Co. v. United States*, 971 F.2d 1576, 1579 (11th Cir. 1992); *accord Brown v. United States*, 890 F.2d 1329, 1346 (5th Cir. 1989) ("Absent a waiver by the Government, a taxpayer is barred from raising in a refund suit grounds for recovery not clearly and specifically set forth in its claim for a refund.").  "Federal courts have no jurisdiction to entertain taxpayer allegations that impermissibly vary or augment the grounds originally specified by the taxpayers in the administrative refund claim."  *Charter Co.*, 971 F.2d at 1579 (citations omitted).

Disallowing a tax-refund suit which seeks a refund on grounds other than those previously raised in the administrative-refund claim falls under the variance doctrine.  *Id.* at 1580.  Underlying the doctrine are the IRS's recognized limitations: "The Commissioner does not possess the time or resources to perform extensive investigations into the precise reasons and facts supporting every taxpayer's claim for refund."  *Id.* (quoting *Stoller v. United States*, 444 F.2d 1391, 1393 (5th Cir. 1971)).  Thus, "[t]he law requires the taxpayer to do more than give

the government a good lead based upon the government's purported ability to infer interconnectedness." *Id.* at 1579–80. "All grounds upon which a taxpayer relies must be stated in the original claim for refund so as to apprise the Commissioner of what to look into; the Commissioner can take the claim at its face value and examine only those points to which his attention is necessarily directed." *Mallette Bros. Const. Co. v. United States*, 695 F.2d 145, 155 (5th Cir. 1983) (quoting *Ala. By-Products Corp. v. Patterson*, 258 F.2d 892, 900 (5th Cir. 1958)). Moreover, "the fact that the Commissioner has investigated the underlying facts relating to the claim will not suffice in the absence of a showing that the Commissioner understood the specific claim that was made." *Id.* at 156 (citing *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 296–97 (1945)).

In this case, Majestic's suit alleges that the IRS should refund the penalties and interest assessed against it for late filing and remittance of employment taxes because the IRS should have applied Hurricane Katrina filing extensions. Majestic admits that its original employment-tax-refund claims failed to adequately reference a request for a Hurricane Katrina extension. Pl.'s Mem. [17] at 9. Majestic contends, however, that its Form 7004—seeking an extension to file *income* taxes—supplemented the original *employment*-tax-refund claims and placed the IRS on notice of a Hurricane Katrina based request for extension. But Majestic's Form 7004 was faxed twelve days after the employment-tax-refund claims, makes no reference to the previously filed employment-tax-refund claims, and seeks an extension to file another tax altogether. Thus, there is no nexus between the extension sought in Form 7004 and the employment-tax-refund claims filed under Forms 843. Majestic has failed to demonstrate a valid formal administrative claim.

Majestic alternatively argues that even if its submission of Forms 843 and Form 7004 does not constitute a formal administrative refund claim on the grounds of Hurricane Katrina extensions, these submissions constitute an informal claim sufficient to escape dismissal. As the Fifth Circuit has explained:

> [t]he informal claim doctrine has received the endorsement of the Supreme Court. According to this doctrine, an informal claim is sufficient if it is filed within the statutory period, puts the IRS on notice that the taxpayer believes an erroneous tax has been assessed, and *describes the tax and year with sufficient particularity to allow the IRS to undertake an investigation*. Although an informal claim may include oral communications, it must have a written component. There are no "hard and fast rules" for determining the sufficiency of an informal claim, and each case must be decided on its own facts "'with a view towards determining whether under those facts the Commissioner knew, or should have known, that a claim was being made.'" However it is not enough that the IRS merely "has information somewhere in its possession from which it might deduce that the taxpayer is entitled to a refund."

*PALA, Inc. Emps. Profit Sharing Plan & Trust Agreement v. United States*, 234 F.3d 873, 877 (5th Cir. 2000) (emphasis added) (internal citations omitted).

As stated, the Form 7004 reflected Majestic's request for Hurricane Katrina filing extensions regarding Majestic's income taxes. It said nothing of the disputed employment and unemployment taxes. Thus, neither the Forms 843 and supporting statements included in Majestic's administrative-refund claims nor the information provided in the Form 7004 provided "the tax and year with sufficient particularity to allow the IRS to undertake and investigation" of whether the IRS improperly denied Hurricane Katrina extensions to file employment taxes.

IV.   CONCLUSION

Based on the foregoing, the Government's Motion to Dismiss [15] is granted. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 22nd day of June, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
